20413. McELVEEN v. FLOYD.

DECIDED JUNE 10, 1930.

Anderson & Jones, for plaintiff in error.
Deal & Renfroe, contra.

LUKE, J. On June 17, 1929, Berry Floyd sued J. D. McElveen on a promissory note due November 28, 1919, and signed by O. T. Hobbs and J. D. McElveen. The only question for the consideration of this court is whether or not the trial judge erred in striking the defendant's plea and answer, on motion.

After admitting that he signed and delivered the said note, and that the plaintiff was the legal holder thereof, McElveen filed a special plea which was in substance as follows: O. T. Hobbs signed said note as principal, and McElveen signed it only as surety for Hobbs; and Berry Floyd, the payee, well knew this when the note was delivered. "After the maturity of said note," and at a time when O. T. Hobbs was a resident of Bulloch county, Ga., the defendant "gave plaintiff oral instructions to sue said note," and the plaintiff promised to do so. "Defendant heard nothing more from the note for two years, when plaintiff came to him and told him that the note had not been paid. . . Defendant relied on the assurance of the plaintiff that he would sue the note, and believed that the reason that it had not been sued was that said O. T. Hobbs had arranged it satisfactorily to the plaintiff." "On November 28, 1919, the said O. T. Hobbs gave defendant a mortgage" on described personal property "to protect him as security on the note sued on," and said property "was worth more than the amount of the note." Said Hobbs "had such property in Bulloch county, Ga., when the plaintiff was notified to sue said note, and plaintiff, by his failure to keep his promise to sue the note, . . caused this defendant to lose the security of the said O. T. Hobbs." "Defendant shows that he told plaintiff at the time he notified him to sue said note that he held a mortgage on personal property of the said O. T. Hobbs worth a sufficient sum to in-

demnify him as surety, and that he wanted the note sued, and defendant would then foreclose said mortgage and protect himself." The plea further alleges that plaintiff never took any steps to collect the note until after the said Hobbs had moved to South Carolina and carried said property with him. The prayer is "that defendant be discharged from all liability on said note, and that the plaintiff be estopped from collecting same."

The mortgage was no part of the contract evidenced by the note, and it does not appear, from the plea, that Floyd had any knowledge of it until "after the maturity of said note." The plea does not show how long it was after the maturity of the note when the defendant instructed Floyd to sue upon it, or when he promised to sue, or when Hobbs moved to South Carolina with the mortgaged property. How can it be concluded from the plea that Floyd could have sued on the note before Hobbs left the State? No copy of the mortgage is in the pleadings, and the conditions under which it could be foreclosed are not known to this court. How can it be concluded that Floyd could have procured judgment on the note in time for McElveen to "then foreclose said mortgage and protect himself?"

Again, Floyd never agreed that he would "satisfactorily arrange" the note. McElveen procured Floyd's promise to sue on the note in order that he could "foreclose said mortgage and protect himself." Did McElveen have the right to conclude, from the fact that Floyd failed to do the very thing McElveen expected him to do in order that he, McElveen, might foreclose his mortgage and so protect himself, that the note had been "satisfactorily arranged?" In these circumstances there is no estoppel. McElveen exercised no diligence whatsoever in the premises. He remained complacently quiescent for two years and lost the benefit of his security.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*